(No. 75-CC-1475—

JOHN ERNEST LONZO, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 16, 1978.*

ROLLAND H. STIMSON, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; RICHARD J. GROSSMAN, Assistant Attorney General, , for Respondent.

POLOS, C.J.

Claimant, John Ernest Lonzo, has brought this action to recover damages for time unjustly served in the prisons of this State. The claim arises under Section 8(c) of the "Court of Claims Act" which provides that this Court has jurisdiction to hear and determine:

"All claims against the State for time unjustly served in prisons of this State where the persons imprisoned shall receive a Pardon from the Governor stating that such Pardon is issued on the ground of innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of the following amounts:

For imprisonment of five years or less, not more than $15,000.00; for imprisonment of 14 years or less but over five years, not more than $30,000.00; for imprisonment of over 14 years, not more than $35,000.00; and provided, further, the Court shall fix attorneys fees not to exceed 25 percent of the award granted."

The parties stipulated that Claimant was arrested for armed robbery on January 2, 1972; that he was held in the Cook County Jail until January 4, 1972, when he was released on bond; that on October 19, 1972, he was convicted of the offense in the Criminal Court of Cook County and sentenced to imprisonment for a term of not less than six nor more than ten years. It was further stipulated that he was thereafter held in the Cook County Jail until November 17, 1972, when he was transferred to Stateville Correctional Center in Joliet, Illinois. He was imprisoned there from November 17, 1972, to November 15, 1973, when he was transferred to the Pontiac Correctional Center in Pontiac, Illinois, where he was imprisoned until March 6, 1974, when he was released because the Illinos Appellate Court reversed his conviction.

Thus Claimant was incarcerated in prisons of this State for approximately 17 months following his conviction.

Claimant introduced into evidence a Pardon issued by Governor Daniel Walker, dated June 3, 1975, granted on the grounds of innocence.

By virtue of the stipulation and the Pardon, Claimant has proved by a preponderance of the evidence that he meets the qualifications for recovery under Section 8(c) of the "Court of Claims Act."

With respect to the amount of damages to which Claimant is entitled the evidence showed for the year immediately preceding entitled his arrest, he earned $7,030.89. As he was imprisoned for about 17 months,

his wage loss during that period was approximately $9,000.00.

Claimant also seeks reimbursement for $2,000.00 in attorneys fees expended by him in his ultimately successful defense. We have previously held, however, that this is not a proper element of damage to be considerd in assessing a claim under Section 8(c) of the "Court of Claims Act." The legislature intended to compensate persons for time unjustly served in prison, and attorneys fees necessarily incurred in the defense of criminal cases might more properly be classified as damages for prosecutions unjustly brought. They certainly cannot be considered and have not, in any previous case, been considered as an element of damages.

The Court is not limited, however, to lost wages as an element of damages. This Court must and does consider the anguish and suffering inflicted upon an innocent person obliged to serve time in a prison.

Claimant is hereby awarded the sum of $12,000.00 as compensation for the time which he unjustly served in prison. Pursuant to Section 8(c) of the "Court of Claims Act," this court fixes as attorneys fees, a sum equal to ten percent of the amount of the award.